[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 115)
The plaintiff, Hayward Sawyer, filed a five-count complaint against the defendant, Thomas Arnold. The plaintiff alleges that he and the defendant entered into a contract whereby the plaintiff would purchase a single-family residence then being constructed by the defendant. As part of the agreement, the defendant guaranteed the residence against defects in workmanship and material for a period of one year from the date of closing. The plaintiff alleges that the defendant breached the warranty, breached "an implied promise to perform his duties in a workmanlike manner, and violated the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant subsequently filed a third party complaint against John Stasko, alleging that he purchased the building plans from Stasko and that Stasko promised that if the defendant followed the building plans, a safe and legal residence under Connecticut law would be produced. The defendant further alleges that to the extent the plans did not conform to the requirements of state building codes, they are the cause of the damages claimed by the plaintiff. The defendant seeks indemnification from Stasko based upon the defendant's and Stasko's independent contractual relationship.
Stasko filed a motion to strike the third party complaint on the grounds that it was not filed in compliance with General Statutes § 52-572 et seq., the products liability statutes, CT Page 8678 and was not filed in a timely manner pursuant to § 52-572a
and General Statutes § 42-110g(f), the Connecticut Unfair Trade Practices Act (CUTPA). The defendant has filed an objection to the motion to strike, arguing that the third party complaint is not brought pursuant to the products liability statutes or CUTPA, but alleges only a claim for indemnification. The matter was heard by the court on April 12, 1999.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shoe, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. PetrolPlus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
Stasko's motion to strike cannot be granted on the grounds set forth in the motion, because the defendant has not alleged third-party claims for products liability or violation of CUTPA. Sawyer alleges products liability claims and a CUTPA claim in the original complaint, but not against Stasko. Stasko is a party through the third-party complaint, where the defendant alleges only that he and Stasko had an independent contractual relationship, which supports a claim for indemnification.
Accordingly, Stasko's motion to strike the defendant's third party indemnification complaint is denied.
SKOLNICK, J.